JOSHUA ANGELL *vs.* RUSSELL A. SIMMONS & another.

In an action of trespass against R. S. & S. S., for illegally taking and keeping the cattle of A., where it appeared that the defendants took the cattle into their custody while wrongfully damage feasant, kept them upon their premises over night and drove them to the public pound the following day, *it was held*, that the impounding was lawful if the defendants did all that they reasonably could to get the cattle to the pound as early and as safely as circumstances would allow, and that this question was properly left to the jury to determine.

TRESPASS for driving, chasing, and worrying the plaintiff's cattle, and illegally distraining and shutting up the same. At the trial of the case, at the December Term, 1872, of the Court of Common Pleas for this county, before Mr. Justice *Burges* and a jury, the plaintiff requested the court to charge the jury, that if they found that after the defendant Simmons started the cattle, they ran into and upon the close of a third party, and that the defendants put up the bars and kept them in such private inclosure over night, and did on the following morning drive said cattle out of said private inclosure of such third party into the highway and to a public pound, such impounding was illegal. The court refused so to charge; and, on the contrary, charged the jury that if the cattle ran into the inclosure of a third party and such third party gave the defendants leave to shut them in over night, and on the following morning the defendant Simmons drove said cattle out of said inclosure and into a highway, and to

a public pound, he did no more than he had a right to do, if he did what he reasonably could to get them to the pound as early and safely as the circumstances would allow, acting in good faith.    A verdict having been rendered in favor of the defendants, the plaintiff alleged exceptions and moved for a new trial.

*Slocum*, for the plaintiff, in support of the exceptions.    I. A party who justifies the taking of another's property under legal authority or process, must show that he has acted strictly in conformity with the requirements of law, otherwise he will be considered a trespasser *ab initio*, in an action of trespass at common law.    *Coffin et al.* v. *Field et al.* 7 Cush. 358.

II. The distrainor is required to put and keep the distress in the public town pound, and he cannot justify himself if he puts it elsewhere.    Having once lost the custody and control of the distress, his subsequent taking of the cattle was a new distraint, and was unlawful.    The cattle were then " found going at large in a public highway or common."    Rev. Stat. chap. 93, § 1 ; Gen. Stat. chap. 96, § 1 ;  *Collins* v. *Larkin*, 1 R. I. 222.

*G. N. Bliss & Page*, for the defendant.    I. It is well settled that a party making a distraint legally, if he proceed and impound the cattle without unnecessary delay, is not a trespasser, either at common law or under the statutes of this state.    *Byron* v. *Crippen*, 4 Gray, 312 ;  *Parker* v. *Jones*, 1 Allen, 270 ; Rev. Stat. chap. 93, § 1 ; Gen. Stat. chap. 96, § 1.

II. After the distraint is legally made, the distrainor is entitled to the custody of the cattle until he deliver them to the public pound.    Although they escape and go upon the premises of a third party, while on the way to the pound, against the will of the distrainor and without any fault on his part, if he use due diligence to retake them and commit them to the pound, he is not a trespasser.    Authorities cited to first point, and *Collins* v. *Larkin*, 1 R. I. 222.

BRAYTON, C. J.    The declaration in this case is in trespass against the defendants Russell A. Simmons and Samuel Shippee. The first count charges that they worried, chased, and drove the plaintiff's cattle from the plaintiff's close to a place unknown to the plaintiff, whereby said cattle were injured and the plaintiff put to great trouble and expense to find them. .

The second count charges that they distrained the plaintiff's

cattle, and put them in their own private premises, and so ille-
gally kept them shut up for a long time, whereby said cattle were
injured and the plaintiff compelled to pay the sum of $22.40 to
obtain them.

The third count charges that the defendants took and drove
the plaintiff's cattle and converted them to said defendants' own
use.

The pleas of defendants were : 1st. Not guilty.    2d. That as
to the driving said cattle and keeping them for the space of time
mentioned, until the plaintiff was obliged to. pay the sum of
$22.40, that the cattle were wrongfully on the common damage
feasant, and that the defendant was a freeholder and qualified
elector in the town of Foster, and took and distrained said cattle,
and drove and impounded the same in a public town pound in
said Foster, as he had a legal right to do.

3. The plea as to the seizing, taking, driving away, keeping,
and impounding the plaintiff's cattle, says that at the time of
taking and impounding the same in said declaration mentioned,
said cattle were running at large in violation of the statute, and
that the defendant was then a public officer in said Foster,
namely, a surveyor of highways, and, by virtue of his office,
seized and carefully drove and impounded said cattle according
to the statute in such case made and provided.

The plaintiff joined issue on the plea of not guilty, and by his
first replication says, that at the time of the trespass mentioned
in the declaration, the cattle of the plaintiff were not wrongfully
on said common damage feasant, and tenders an issue in which
defendant joins.

The plaintiff replies, secondly, and says, that at the time of
taking the said cattle and driving and impounding the same, the
said cattle were not running at large in violation of the statutes
of the State of Rhode Island, and this, he prays, may be inquired
of, and in which defendant joins issue.

The only questions upon the issue made by the replications are:
1st. Whether the plaintiff's cattle, at the time of the trespass,
taking, and driving, were wrongfully in the common damage
feasant ; and, 2d. Whether said cattle were running at large, in
violation of the statute.

But the trial before the jury in the Court of Common Pleas

Angell *v.* Simmons.

seems to have been upon the general issue of not guilty, and the question to have been mainly whether the impounding, as alleged in the declaration, was in private premises, or wholly in the public town pound.

And the question seems also to have been whether the defendant, having properly distrained the cattle, kept and detained them on his own premises, as a pound, and unnecessarily and unreasonably delayed to deliver them into the custody of the keeper of the public town pound, where alone they could be lawfully impounded.

The plaintiff claimed that if the cattle, though properly taken into the custody of defendant, were kept over night upon private premises, though finally driven to the public pound, the impounding was illegal.

The judge who held the court was asked so to charge. This he declined to do, and did charge the jury, in effect, that although the defendant did keep them upon private premises over night, and in the morning drove them to and delivered them to the pound-keeper, the impounding would be lawful if he did what he reasonably could to get them to the pound as early and as safely as circumstances would allow.

A person who first lawfully distrains cattle is entitled to retain them in custody until he can deliver them into the custody of the pound-keeper. He is entitled so to keep them as will enable him surely to deliver them to such keeper. Were he in danger of losing that custody by driving them in the darkness of the night, when it would be easy for them to escape, and when there was reasonable danger that they would, we do not see that he might not keep that custody by shutting them up until they could be safely driven. He would have no right unreasonably to delay and without necessity keep them from the pound. His duty is to use all reasonable diligence, and in good faith to deliver them at the pound without endangering the custody which he has.

None of the cases cited require more than this, and we think the question given to the jury requires so much of the distrainor, and that the question was properly left to the jury to determine if the defendant did use all that care and diligence which reasonably he could, and in good faith to deliver the plaintiff's cattle at the pound.

Upon that question the jury have considered the evidence, and have found that the defendant did what he reasonably could to get the cattle to the pound as soon and as safely as the circumstances would allow him to do. This exception must be overruled.

There was another exception urged here, viz., that the answer is filed by one defendant only, and the judgment is in favor of both. The bill of exceptions from the Court of Common Pleas contains no such exception, and it does not appear to have been taken in that court. It is not properly before us.

*Exceptions overruled.*